UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE VINCENT SMITH,<br><br>Petitioner,<br><br>v.<br><br>DEBBIE ASUNCION,<br><br>Respondent. | No. 2:16-cv-1916-WBS-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed a motion to stay the current proceedings (ECF No. 15) in order to file a new habeas petition with the California Supreme Court which exhausts additional declarations. Respondent has filed an opposition to the motion. ECF No. 16. After review of the pleadings, it is recommended that the motion be denied.

There are two procedures relevant to staying a state prisoner's federal habeas petition – one set forth by *Rhines v. Weber*, 544 U.S. 269 (2005) and the other by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002). Petitioner invokes *Rhines* (ECF No. 15 at 2) to justify his request for a stay and, consequently, the court will first consider the applicability of that procedure before turning to the one outlined in *Kelly*. Under *Rhines*, a district court may stay a 'mixed' petition in its entirety, without requiring dismissal of unexhausted claims while the petitioner attempts to exhaust them in state court. *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). *Rhines* is

1

plainly inapplicable here, however, because the petition at hand is not 'mixed'. Petitioner has not identified any currently unexhausted claims which he would exhaust in state court. To the contrary, his motion contemplates only the exhaustion of heretofore unpresented evidence which, petitioner contends, would support his current, exhausted claims. ECF No. 15 at 1-2.

Petitioner fares no better under *Kelly*. Pursuant to the procedure outlined in *Kelly*, a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition by way of amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If the petition in question is 'mixed', the petitioner seeking a *Kelly* stay must first dismiss the unexhausted claims from the petition and then seek to add them back after exhausting them in state court. *King*, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41. Here again, petitioner has not indicated that he has any *claims* that are currently unexhausted.

Moreover, although a district court has the discretion to stay a petition which it may validly consider on the merits, *see Calderon v. United States Dist. Ct (Taylor)*, 134 F.3d 981, 987-988 (9th Cir. 1988), this court does not recommend exercising such discretion here. Petitioner has not offered any compelling excuse for his failure to present his newly desired evidence to the state court in the first instance. Rather, he argues that he was forced to file his petition to the California Supreme Court without counsel and only now understands that the evidence he presented in support of his claims was insufficient. ECF No. 15 at 2. The principle that a legal claimant should present his strongest case to the adjudicating court is not beyond the concept of a layman, however. His petition to the California Supreme Court claimed, *inter alia*, that: (1) his trial counsel failed to adequately prepare him for his trial testimony, and (2) his trial counsel failed to call Lanisha Blakes as a witness in his defense. Lodg. Doc. No. 9 (Petition to California Supreme Court) at 3. As such, the relevance of the declarations petitioner now seeks to exhaust – a declaration from Blakes, a declaration from trial counsel explaining his actions, and a declaration from petitioner himself detailing the alleged preparatory failures – should have been

apparent at the time the petition was presented to the California Supreme Court. The court also notes that, based on the trial record submitted to the court, a stay for the purpose of exhausting evidence related to counsel's failure to call Blakes would be futile. In his closing argument, petitioner's trial counsel indicated that his reason for not calling Blakes was a practical one – she could not be found. In relevant part:

> Well, it turns out that Lanisha Blakes isn't in custody at that time. So we have to look the other way. We have to say, well, what does that mean? How do you put the pieces together for Lanisha Blakes?
>
> Now it's true either side could call her as a witness, and you ask why didn't the defense call her as a witness?
>
> Well, you heard Detective Stoops say about Big Cad, oh, he's in Las Vegas. We're never gonna find him. He's out of the jurisdiction of the state. How can you possibly find a guy in Las Vegas?
>
> Well, we all have trouble finding people in a case like this where they just disappear, they're gone.
>
> . . .
>
> Bring that person in and you can say, Mr. White, why don't you bring that person in? Well, lot of times people disappear. A lot of times it's not our burden.

Lodg. Doc. No. 14 (Reporter's Transcript on Appeal, Volume 3) at 862-863.

The United States Supreme Court has emphasized that "stay and abeyance should be available only in limited circumstances" insofar as too frequent use of the procedure risks undermining the Antiterrorism and Effective Death Penalty Act's "goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. Those limited circumstances are not present here.

For the foregoing reasons, it is recommended that petitioner's motion to stay (ECF No. 15) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: September 13, 2017.

                            EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE